IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEAH LAFERRIERE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ZURICH AMERICAN INSURANCE | : | |
| COMPANY | : | NO. 06-cv-5492-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                                February 7 , 2008

      Plaintiff, Leah Laferriere, was seriously injured in an automobile accident. The defendant, Zurich American Insurance Company, had issued a policy to plaintiff's employer which provided for underinsured motorist coverage. Plaintiff settled her claims against the tortfeasor for his policy limits, with the express consent of the defendant, Zurich, and thereafter made a claim under the Zurich policy. Eventually, after some delay, she received a substantial award against Zurich. She has now brought this action against Zurich on the theory that the latter acted in bad faith in handling her claim.

      Plaintiff contends that Zurich delayed in making an offer of settlement, made totally inadequate settlement offers, and improperly sought to impede the resolution of her claim. Of present concern is the assertion that, after insisting that plaintiff undergo examination by a physician retained by Zurich, one Bruce Grossinger, D.O., and receiving a report from Dr. Grossinger verifying the extent of plaintiff's injuries and the

fact that they were caused by the accident in question, defendant refused to consent to the submission of Dr. Grossinger's report to the arbitrators who were deciding the case, and also refused to permit Dr. Grossinger to provide deposition testimony to plaintiff's counsel.  As a result, plaintiff's counsel retained a medical expert to testify on plaintiff's behalf.

The matter is now before this court because plaintiff's counsel wishes to obtain the deposition testimony of Dr. Grossinger, but the defendant contends that plaintiff must first agree to pay a witness fee to Dr. Grossinger in the sum of $3,000, representing, allegedly, a discounted version of Dr. Grossinger's standard fee for testifying.  It is the defendant's position that Dr. Grossinger will be asked his professional opinions, and cannot be required to express them without compensation.  Plaintiff's counsel, on the other hand, insists that Dr. Grossinger will be a fact witness, and will not be expressing any professional opinion.

In essence, as I understand it, plaintiff seeks to establish the fact that Dr. Grossinger did examine the plaintiff, that he did express the opinions set forth in his written report, and that he conveyed that information to the defendant.  Defense counsel seems to be contending that, by merely identifying his report, the doctor would, in effect, be re-expressing the opinions set forth in that report.

On the present state of the record, my views are as follows:

(1) If plaintiff's counsel seeks merely to establish the fact of the examination and the communication of the report to defendant, it seems unlikely that there would be any dispute about those facts, and they can be established readily by requests for admission.

(2) If plaintiff's counsel seeks to obtain Dr. Grossinger's professional opinion, he must obligate himself to pay a reasonable fee. It does not necessarily follow, however, that the $3,000 fee demanded is reasonable. If the parties are unable to agree on the amount, this court would be available to resolve the matter when the deposition is completed.

(3) The parties would be well-advised to consider whether their handling of the dispute concerning the doctor's deposition may have a bearing upon the ultimate resolution of the plaintiff's bad faith claims.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEAH LAFERRIERE | : | CIVIL ACTION |
| v. | : | |
| ZURICH AMERICAN INSURANCE COMPANY | : | NO. 06-cv-5492-JF |

ORDER

AND NOW, this 7th day of February, 2008, upon consideration of plaintiff's motion to compel the deposition of Bruce Grossinger, D.O., and defendant's response, IT IS ORDERED:

Plaintiff's counsel shall first proceed by requests for admission. If, when that process is concluded, plaintiff still wishes to depose Dr. Grossinger, and requires him to express a professional opinion, plaintiff will be required to pay the doctor a reasonable fee. If the parties are unable to agree upon the amount of that fee, this court will resolve the issue, upon application after the conclusion of the deposition.

BY THE COURT:

_____
John P. Fullam, Sr. J.