```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEAH LAFERRIERE                  :      CIVIL ACTION
                                 :
      v.                         :
                                 :
ZURICH AMERICAN INSURANCE        :
COMPANY                          :      NO. 06-cv-05492-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      November 25, 2008

Plaintiff is suing the insurance company which provided uninsured motorist coverage for her employer's vehicle in which she was riding when the vehicle was struck from the rear by a motorist who did not have much insurance. Plaintiff's claim was eventually submitted to arbitration, pursuant to the terms of the insurance policy, and the arbitrators made an award which substantially exceeded the amounts which had previously been offered by the defendant insurance company. Plaintiff asserts that the defendant violated the terms of its policy, and also violated the applicable Pennsylvania statute, by failing to act in good faith in the handling of her claim. The defendant has filed a motion for summary judgment.

The facts are not in significant dispute. The accident occurred on December 4, 2000. Plaintiff brought suit against the under-insured driver. That case was settled in April 2003 for $50,000 (the limit of the tortfeasor's insurance policy), with the consent of the defendant in this case. The defendant, Zurich

American, provided liability insurance to plaintiff's employer, covering the car in which the plaintiff was injured.  The limits of the Zurich American policy were $1 million, but there was a $250,000 deductible.  This meant that, in settling the uninsured motorist claim asserted by plaintiff, the defendant was acting, to some extent, on behalf of plaintiff's employer, as well as on its own behalf.  And, of course, the defendant was obliged to exercise good faith in its dealings with plaintiff.

On February 2, 2004, counsel for plaintiff submitted an 11-page memorandum outlining plaintiff's alleged injuries and arguments, and demanded $450,000 in settlement.  On April 8, 2005, plaintiff's counsel submitted a 7-page memorandum in the same vein, offering to settle for $375,000.  Plaintiff's claim had been submitted to arbitration, pursuant to the terms of the policy, and the arbitration hearing was scheduled for May 23, 2005.  On April 26, 2005, the defendant offered $125,000 in settlement.  The arbitration hearing was eventually held on October 28, 2005, resulting in an award totaling $368,000.  After crediting defendant with the $50,000 previously paid, plaintiff received a net award of $318,000.

The parties have supplied the Court with an extensive record, detailing their respective positions at various stages of the case.  I have carefully reviewed all of these materials, and have concluded that plaintiff has not shown, and cannot

establish, a valid basis for an award of damages in this case. All that appears is a legitimate dispute as to the amount of plaintiff's damages.  There was a valid, reasonable basis for the position taken by the defendant, as well as for the position taken by the plaintiff.  The plaintiff alleged injuries to her neck and shoulder; the medical evidence establishing that the neck injury was probably caused by the accident was quite clear; the cause of the shoulder injury was a subject of legitimate dispute.  The claim was submitted to arbitration, in accordance with the provisions of the policy.  Both sides were permitted to defend their respective positions before the arbitrators, and did so.  I do not believe a reasonable jury could properly conclude that the defendant has been shown to have acted in bad faith in any respect.  Defendant's motion for summary judgment will be granted.

       An Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LEAH LAFERRIERE                  :       CIVIL ACTION
                                 :
     v.                          :
                                 :
ZURICH AMERICAN INSURANCE        :
COMPANY                          :       NO. 06-cv-05492-JF
```

ORDER

AND NOW, this 25th day of November, 2008, upon consideration of defendant's motion for summary judgment, and plaintiff's response, IT IS ORDERED:

1. Defendant's motion for summary judgment is GRANTED.

2. JUDGMENT is entered in favor of the defendant and against the plaintiff.  The Clerk is directed to close the file.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,  Sr. J.